UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REBEKAH ANDREWS,

        Plaintiff,

v.                           Case No. 8:24-CV-205-WFJ-TGW

LELAND DUDEK,
Acting Commissioner of
Social Security,[1]
        Defendant.

_____

REPORT AND RECOMMENDATION

The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments. Because the decision of the Commissioner of Social Security is supported by substantial evidence, I recommend that the decision be affirmed.

I.

The plaintiff, who was fifty years old at the time of the administrative decision and who completed two years of college, has worked as a behavioral technician, daycare worker, and social services aide (Tr. 47,

_____

1 Leland Dudek was appointed the Acting Commissioner of Social Security on February 19, 2025. See Rule 25(d)(1), F.R.Civ.P.

405).    She filed claims for Social Security disability benefits and supplemental security income payments, alleging that she became disabled due to PTSD (post-traumatic stress disorder), major depression, left branch bundle block heart, a herniated disc, restless leg syndrome, asthma, neuropathy, kidney stone infections, severe night terrors, pain in arms, bipolar 1, mood disorder, disassociative disorder, insomnia, panic attacks, and severe anxiety disorder (Tr. 404).    The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a <u>de novo</u> hearing before an administrative law judge.    The law judge found that the plaintiff had severe impairments of "asthma; degenerative changes in the lumbar spine; obesity; shoulder arthralgia; bipolar disorder/depression; ADHD; PTSD and anxiety" (Tr. 18).    He concluded that, with her impairments, the plaintiff has the residual functional capacity

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except there can be no exposure to fumes or smoke; she can only frequently handle and finger; she can occasionally climb ladders, ropes and scaffolds; she can occasionally crouch, kneel and crawl; she can have occasional exposure to hot, cold and wet environments; the work is limited to simple, routine, repetitive tasks.

(Tr. 21).

The law judge concluded that the plaintiff is unable to perform past relevant work (Tr. 25). However, the law judge determined, based upon the testimony of a vocational expert, that there are jobs that exist in significant numbers in the national economy that the plaintiff can perform, such as production final inspector, assembler of filters, and marker (Tr. 26). The law judge therefore ruled that the plaintiff was not disabled (id.). The Appeals Council let the decision of the law judge stand as the final decision of the defendant.

## II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A physical or mental impairment, under the terms of the Social Security Act, is one that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically

acceptable clinical and laboratory diagnostic techniques.    42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence.    42 U.S.C. 405(g).    Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).    Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings."    Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004), en banc, cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses.    Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971).    Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported

by substantial evidence.    Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled.    However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The plaintiff asserts two challenges to the law judge's determination of her mental residual functional capacity (RFC) (see Doc. 14, p. 4).[2]    Neither is meritorious.[3]

---

2 The pagination corresponds with the page numbers assigned by CM/ECF.

3 In accordance with the Scheduling Order and Memorandum Requirements, any other argument is deemed forfeited (see Doc. 13, p. 2); see also Sanchez v. Commissioner of Social Security, 507 Fed. Appx. 855, 859 n.1 (11th Cir. 2013) quoting Access now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004) ("A legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

The law judge found that the plaintiff had severe mental impairments of bipolar disorder/depression, ADHD (Attention Deficit Hyperactivity Disorder), PTSD, and anxiety that substantially limited the plaintiff's residual functional capacity to "simple routine repetitive tasks" (Tr. 18, 21).

In determining that the plaintiff has substantial, but not disabling mental limitations, the law judge reviewed the entire record (Tr. 18, 21). He considered that, during the history of the plaintiff's mental health treatment, which consisted of therapy and medication, the "[m]ental examinations typically showed the claimant was cooperative, had organized and coherent thought, an appropriate affect, was well groomed, with no impaired judgment or memory and normal speech and thought" (Tr. 24; see, e.g., Tr. 166-67). Additionally, he noted that "medical records do not indicate any significant difficulty with concentration, persistence or maintaining pace" (Tr. 20). Mental status examination results are probative of a claimant's functioning. See 20 C.F.R. 404.1529(a), 416.929(a) (evaluating consistency between the intensity and persistence of reported symptoms and objective medical evidence); 20 C.F.R. Pt 404, Subpt. P, App. 1, §12.00(C)(2)(c).

The law judge also found persuasive the opinions of the state's mental health experts, Dr. Nicole Mannis, Psy.D., and Dr. Brian McIntyre, Ph.D., who opined that the plaintiff's mental impairments caused moderate, but not disabling, functional limitations (Tr. 24). Consequently, Dr. Mannis opined that the plaintiff "should be able to complete simple tasks for an eight-hour period at an appropriate pace, and sustain this level across days and weeks"; "cooperate on simple, routine tasks and transactions"; and "adapt to most changes and task demands on a sustained basis" (Tr. 232-33). Dr. McIntyre similarly concluded that the plaintiff "appears capable of SRT's [simple routine tasks]" (Tr. 261).

The law judge, in finding their opinions persuasive, explained that "these opinions are consistent with and supported by the medical evidence of record, particularly the findings upon mental examination" (Tr. 24).[4] Notably, state reviewing doctors are experts in Social Security disability evaluations. See 20 C.F.R. 404.1520c(c)(5) (A medical source's

---

4 The law judge did not accept every aspect of the reviewers' opinions. He rejected as speculative Dr. McIntyre's comment that the plaintiff "may" struggle to accept instructions and respond appropriately to criticism from supervisors" (Tr. 24; see Tr. 261). (Due to a typographical error, the decision stated "not speculative"). Additionally, as indicated, Dr. McIntyre ultimately concluded that the plaintiff "appears capable of SRT's" (Tr. 261).

familiarity with the record or an "understanding of [the] disability program's policies and evidentiary requirements" "tend to support a medical opinion.").

The law judge additionally considered the plaintiff's activities of daily living (see Tr. 20-21).   The record shows that the plaintiff maintained personal care, shopped weekly, handled money, and occasionally did household chores (Tr. 20, 663, 680).   The plaintiff also stated that she enjoys reading, watching television, and playing video games (Tr. 663, 680). See Macia v. Bowen, 829 F.2d 1009, 1012 (11th Cir.1987) (The law judge may consider a claimant's daily activities when evaluating subjective complaints and determining the RFC.).

Additionally, the law judge evaluated the plaintiff's allegations that she is unable to work because she experiences anxiety and panic attacks, lacks motivation, and dislikes being around people (Tr. 21-22).   The law judge, however, did not find these subjective reports fully credible (Tr. 22). Specifically, he found that, although the plaintiff's mental impairments could reasonably be expected to cause some of the alleged symptoms, the plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms "are out of proportion to the longitudinal objective findings and recommended course of treatment," as discussed in the decision

(id.).

In sum, the law judge gave an adequate explanation for his determination of the plaintiff's residual functional capacity, and that decision is supported by substantial evidence.    See Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997) (Substantial evidence is any relevant evidence, greater than a scintilla, that a reasonable person would accept as adequate to support a conclusion.).

Consequently, to overcome the law judge's findings, the plaintiff must point to evidence compelling the opposite conclusion.    See Adefemi v. Ashcroft, supra, 386 F.3d at 1022 (Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal.").    The plaintiff has not satisfied this demanding standard.

A. The plaintiff argues first that the law judge "erred when contrary to 11th Circuit law he discounted the opinion of consultative examiner [Dr. Daniel Vaningen] because it was based partly on subjective complaints" (Doc. 14, pp. 14-18).    The plaintiff's argument is meritless.

As pertinent here, Dr. Vaningen opined that the plaintiff

> appears to be markedly limited in her ability to
> sustain concentration and perform a task at a

> consistent pace. She appears to be markedly limited in her ability to sustain ordinary routine and regular attendance at work. She appears to be markedly limited in her ability to regulate emotions, control behavior, and maintain well-being.

(Tr. 680). "Markedly Limited" means the person "cannot usefully perform or sustain the activity." SSA Program Operations Manual System (POMS): DI 24510.063(B)(3).

The updated regulations governing the assessment of medical opinion evidence provide:

> We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinions(s) or prior administrative medical finding(s), including those from your medical sources.

Rather, medical opinions and prior administrative medical findings are to be considered for their persuasiveness based upon the following factors:

> (1)   Supportability.
> (2)   Consistency.
> (3)   Relationship with the claimant [including]
> (i)   Length of the treatment relationship.
> (ii)   Frequency of examinations.
> (iii)   Purpose of the treatment relationship.
> (iv)   Extent of the treatment relationship.

> (v)    Examining relationship.
> (4)    Specialization.
> (5)    Other factors.

20 C.F.R. 404.1520c(a) (emphasis added); 20 C.F.R. 404.1520c(c)(1) – (5).

Supportability and consistency are the two most important factors.    20 C.F.R. 404.1520c(a).    Indeed, law judges are not even required to explain how they considered factors 3 through 5, 20 C.F.R. 404.1520c(b)(2), unless the record contains differing, but equally persuasive, medical opinions or prior administrative medical findings about the same issue.    20 C.F.R. 404.1520c(b)(3).

"Supportability" refers to the principle that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his … medical opinion(s) … the more persuasive the medical opinions … will be."    20 C.F.R. 404.1520c(c)(1).

"Consistency" refers to the principle that "[t]he more consistent a medical opinion(s) … is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) … will be."    20 C.F.R. 404.1520c(c)(2).    Significantly, the plaintiff does not acknowledge these standards in her memoranda.

The law judge considered Dr. Vaningen's opinions, and gave an explanation, based on their supportability and consistency, for finding Dr. Vaningen's opinions of marked mental functioning limitations unpersuasive. The law judge stated (Tr. 24) (emphasis added):

> The claimant underwent an independent mental health examination with Dr. Daniel [Vaningen], Psy.D. The doctor found the claimant was cooperative, was appropriately dressed and had adequate grooming and hygiene, with appropriate eye contact. The doctor found the claimant had normal speech, coherent and goal-directed thought, no hallucinations or delusions, had a depressed mood, was fully oriented, but had limited attention, concentration and memory. The doctor found she had average intelligence and fair insight and judgment .... Despite these findings, the examiner opined that the claimant had some marked limitations. These limitations, however, seem to be based more on what the claimant said were her limitations, rather than what the examination actually found. For example, the marked limitations of showing up to work consistently and being able to regulate her emotions properly seem to be based on the claimant's own subjective statements. Therefore, the opinion of Dr. Van[ingen] is not particularly persuasive.

The crux of the plaintiff's argument is that the law judge improperly discounted Dr. Vaningen's opinions of marked limitations because "the incorporation of a claimant's subjective complaints is not, by

itself, a legitimate basis for discrediting an opinion" (Doc. 14, p. 16).    As the defendant states, the law judge did not discount Dr. Vaningen's opinions solely on that ground.    Although awkwardly stated, the law judge found, and considered, inconsistencies between Dr. Vaningen's MSE and Dr. Vaningen's extreme opinions (see Tr. 24) (emphasis added) ("Despite these [MSE] findings, the examiner opined that the claimant had some marked limitations.").[5]

Furthermore, it is apparent those inconsistencies led the law judge to conclude that Dr. Vaningen relied on the plaintiff's subjective complaints (see Tr. 24 ("These limitations, however, seem to be based more on what the claimant said were her limitations, rather than what the examination actually found.")) (emphasis added).    Under these circumstances, the law judge did not err in considering, but not solely relying upon, Dr. Vaningen's reliance on the plaintiff's subjective complaints when discounting the opinion of marked limitations.    See Griffith v.

---

5 The law judge also found that pertinent MSE observations by the plaintiff's health providers were inconsistent with Dr. Vaningen's abnormal MSE observations, noting, among other things, the mental health providers did not observe attention, concentration and memory problems (Tr. 20; see also Tr. 24).

Commissioner of Social Security, No. 23-13903, 2024 WL 3024922 at *6 (11th Cir. 2024) ("To the extent the ALJ discounted Dr. Desai's opinion by relying on Griffith's self-reported symptoms, he did so because those symptoms weren't consistent with the objective examinations' findings. ALJs are supposed to evaluate a claimant's subjective symptoms in relation to other medical evidence in the record."); see also Majkut v. Commissioner of Social Security, 394 Fed. Appx. 660, 664 (11th Cir. 2010) (discounting the weight given to a treating physician in part because the opinion was based on the plaintiff's subjective complaints which the law judge found were not credible).

The plaintiff, in her reply, quibbles with the law judge's finding that Dr. Vaningen's opinions of marked limitations were inconsistent with his MSE (Doc. 17, p. 2-3). She emphasizes that Dr. Vaningen found "problems with [the plaintiff's] memory, attention and concentration … [and] observed she was anxious and depressed" (id., p. 2). This argument is unavailing because the law judge could reasonably find that these indefinite MSE abnormalities, such as "impaired" memory and "limited" attention (Tr. 679) are not consistent with the conclusion that the plaintiff

"cannot usefully perform or sustain the[se] activit[ies]."    POMS: DI 24510.063(B)(3).[6]

The plaintiff argues further that the law judge's rejection of Dr. Vaningen's opinions was erroneous because the law judge failed to consider that there were "a multitude of other signals [Dr. Vaningen] would have observed .... that would have informed hi[s] ... judgments" about the plaintiff (Doc. 14, p. 17).    The "multiple other signals" are irrelevant because they are not articulated in the Psychological Evaluation.    See 20 C.F.R. 404.1520c(c)(1) (The "present[ation]" of an explanation for the medical opinion is a factor in determining supportability.).

In sum, the plaintiff's identification of some evidence that supports her position did not compel the law judge to accept Dr. Vaningen's opinions of extreme mental functional limitations.    See Adefemi v. Ashcroft, supra, 386 F.3d at 1027.    In other words, because substantial evidence supports the law judge's fact findings, we cannot overturn those findings even if other substantial evidence exists that is contrary to the law

---

6 For example, the law judge could reasonably find Dr. Vaningen's opinion that the plaintiff was markedly limited in regulating her emotions and controlling her behavior is not consistent with, nor supported by, Dr. Vaningen's MSE findings that the plaintiff's manner of relating and social skills were adequate (Tr. 679).

judge's findings.    See Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir.1991); see also Lawton v. Commissioner of Social Security, 431 Fed. Appx. 830, 833 (11th Cir. 2011) ("While the record does contain some evidence that is contrary to the ALJ's determination, we are not permitted to reweigh the importance attributed to the medical evidence.").

The plaintiff argues further that, by rejecting Dr. Vaningen's opinions, the law judge "substitute[d] his own opinion for that of an expert" (Doc. 17, p. 4).    This argument is frivolous, especially considering that the RFC is based upon the opinions of medical experts.

In all events, it is the law judge's responsibility to determine a claimant's RFC. See 20 C.F.R. § 404.1545(a)(3); 404.1546(c); see, e.g, Green v. Social Security Administration, 223 Fed. Appx. 923, 924 (11th Cir. 2007) (The law judge "did not substitute his judgment" for that of the physician by rejecting his evaluation, but rather "determined that [the physician's] opinion was inconsistent with objective medical evidence in the record.").

The plaintiff's disagreement with the law judge essentially is a difference of opinion as to the weight to be given to certain circumstances. The law judge, however, is given the responsibility to assess those

circumstances so that the plaintiff's different opinion must yield.    See Graham v. Bowen, 790 F.2d 1572, 1575 (11th Cir. 1986) ("The weighing of evidence is a function of the factfinder, not of the district court.").

C. The plaintiff's second argument is that the law judge "failed to properly account [in the RFC] for moderate limitations in concentrating, persisting, or maintaining pace [CPP], and for moderate limitations in adapting and managing oneself" (Doc. 14, p. 4).    This argument is baseless.

The law judge found that the plaintiff's moderate limitations in understanding, remembering, or applying information, CPP, and adapting or managing herself were accommodated by limiting her work to "simple, routine, repetitive tasks" (Tr. 20-21).    There is substantial evidence supporting that finding (see supra, pp. 6-8), including, most obviously, the opinions of Dr. Mannis and Dr. McIntrye.

Dr. Mannis, who opined that the plaintiff had a moderate limitation in concentration, persistence or pace, specified that the plaintiff has "[l]imited ability to sustain CPP for complex tasks for an extended period but should be able to complete simple tasks for an eight-hour period at an appropriate pace, and sustain this level across days and weeks" (Tr. 232). She opined, with respect to the plaintiff's moderate limitation in adaptation

that she "[c]an adapt to most changes and task demands on a sustained basis" (Tr. 233). Dr. McIntyre similarly opined that the plaintiff "appears capable of SRTs [simple routine tasks]" (Tr. 261).

The law judge, as indicated, found these expert opinions persuasive (Tr. 24). Therefore, the law judge did not fail to accommodate the plaintiff's moderate limitations in the three areas of mental functioning, and substantial evidence supports that determination.

The plaintiff frivolously responds that Dr. Mannis's and Dr. McIntrye's opinions are erroneous, and that "repeating someone else's error does not negate the ALJ's error" (Doc. 17, p. 5). The bottom line is that substantial evidence supports the law judge's decision. The plaintiff does not identify any specific moderate limitations that should have been included in the RFC that were omitted, and she certainly has not presented any credited evidence that compels greater limitations. See Jones v. Commissioner of Social Security, 478 Fed. Appx. 610, 612 (11th Cir. 2012) quoting POMS: DI 24510.063(B)(2) ("[A] finding of moderately limited "means only that the claimant's capacity is impaired; it does not indicate the degree and extent of the limitation."); Adefemi v. Ashcroft, supra, 386 F.3d at 1027.

The plaintiff argues, vaguely, that the RFC is deficient because it does not include "pacing or production limitations" (Doc. 17, p. 6).    This argument fails because Eleventh Circuit law holds that an RFC for simple, routine tasks sufficiently accounts for moderate limitations in CPP when there is medical evidence supporting that conclusion, which is present here. (see supra, pp. 6-8).    See Winschel v. Commissioner of Social Security, 631 F.3d 1176 (11th Cir. 2011) ("[W]hen medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations."); see, e.g., Jarrett v. Commissioner of Social Security, 422 Fed. Appx. 869, 872 (11th Cir. 2011) (The law judge's restriction to "simple instructions and simple tasks" sufficiently accounts for limitations in CPP because there is support in the medical record for that determination.).

The plaintiff also argues that the RFC fails to account for the moderate limitation in the plaintiff's ability to adapt or manage herself because it does not include limitations for her symptoms, such as daily panic attacks and not wanting to leave the house (Doc. 14, p. 22; Doc. 17, pp. 6-

7).    Those symptoms are not limitations to be placed in an RFC. Regardless, this argument ignores that the law judge did not find the plaintiff's subjective complaints fully credible.    Thus, the law judge found that the plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record" (Tr. 22).    The plaintiff has not asserted a credibility argument (see Doc. 14, p. 4) and, therefore, any such contention is forfeited (see supra, p. 5, n. 1).    Accordingly, the argument that the law judge was compelled to include in the RFC additional limitations to account for the plaintiff's symptoms is unavailing.

In sum, similar to the previous argument, the plaintiff is asking the court to reweigh the evidence, which it may not do. Under this limited standard of review, we may not make fact-findings, re-weigh the evidence, or substitute our judgment for that of the law judge.    Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir.2005).    Therefore, this argument also fails.[7]

---

7 Finally, because the pertinent hypothetical question to the vocational expert included the limitations found by the law judge, substantial evidence supports the law judge's reliance upon the vocational expert's testimony in finding the plaintiff was not disabled. See Ingram v. Commissioner of Social Security Administration,  496 F.3d 1253, 1270 (11th Cir. 2007) (A vocational expert's response to a hypothetical that includes all impairments found by the law judge constitutes substantial evidence supporting the decision.).

IV.

For these reasons, the decision of the Commissioner is supported by substantial evidence. I, therefore, recommend that the decision be affirmed.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: Feb. 28 , 2025

NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R3-1.