UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REBEKAH ANDREWS,

    Plaintiff,
v.                                            Case No. 8:24-cv-205-WFJ-TGW

LELAND DUDEK,
Acting Commissioner of Social Security,

    Defendant.
_____/

**<u>ORDER</u>**

Before the Court is Plaintiff's complaint seeking judicial review of the Commissioner of the Social Security Administration's ("Commissioner") decision finding Plaintiff not disabled and denying social security disability insurance benefits and supplemental security income payments (Dkt. 1). United States Magistrate Judge Wilson issued a report recommending that the decision of the Commissioner be affirmed. Dkt. 18. Plaintiff, through counsel, filed timely objections. Dkt. 19. The Commissioner responded to the objections. Dkt. 21.

When a party makes timely and specific objections to the report and recommendation of the magistrate judge, the district judge shall conduct a *de novo* review of the portions of the record to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Jeffrey S. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). After an independent review, the district court

may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Macort v. Prem., Inc.*, 208 F. App'x 781, 783–84 (11th Cir. 2006) (citing published opinion).

Plaintiff objects to the report and recommendation on the grounds that the Magistrate Judge erred in finding that the Administrative Law Judge ("ALJ") adequately and properly evaluated (1) Plaintiff's mental impairments and the opinion of consultative examiner Dr. Daniel Vaningen, Psy.D, and (2) the Residual Functional Capacity ("RFC") assessment concerning Plaintiff's moderate limitations in concentrating, persisting, or maintaining pace and adapting or managing herself. The Magistrate Judge correctly determined that the ALJ did not err in rejecting Dr. Vaningen's opinion but appropriately weighed all the medical evidence, including the mental status examination observations by Plaintiff's health providers. Contrary to the objections, the ALJ relied on substantial evidence to make a "logical bridge" from the evidence to the conclusion, taking into consideration any inconsistencies between the opinions and the medical evidence.

As to the adequacy of the ALJ's finding regarding the RFC, the report properly concludes that the ALJ relied on substantial evidence, including the opinions of Dr. Mannis and Dr. McIntyre, that supports Plaintiff's moderate limitations were accommodated. Having conducted an independent, *de novo*

2

review of the record, including the transcript of the proceedings before the ALJ regarding each specific objection lodged by Plaintiff, the Court agrees with the thorough and well-reasoned report of Judge Wilson. The ALJ applied the correct legal standards in reaching a decision supported by substantial evidence.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1) Plaintiff's objections (Dkt. 19) are overruled.

2) The report and recommendation (Dkt. 18) is approved, confirmed, and adopted in all respects and is made a part of this order.

3) The Commissioner's decision denying Social Security disability benefits and supplemental security income payments to Plaintiff is affirmed.

4) The Clerk is directed to enter final judgment in favor of the Commissioner, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Tampa, Florida, on March 26, 2025.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO**:
Counsel of record